December 19, 1969.

M. P. No. 894. *In re* VINCENT R. BROWN. The seriousness of the crimes involved in this case cannot be overlooked. Carrying a pistol in a vehicle is punishable by imprisonment of not less than one year nor more than five years. G. L. 1956, §11-47-8, as amended by P. L. 1968, chap. 183, sec. 3. This section further provides that any second offender shall not be afforded a suspended or deferred sentence nor shall he be placed on probation. Furthermore, possession of a firearm after conviction of a crime of violence is punishable by imprisonment for not less than two nor more than ten years. §11-47-5, as amended by P. L. 1968, chap. 183, sec. 2. An offender of this section is likewise denied any benefit of a deferred or suspended sentence or probation.

This Court in *Benoit v. Langlois,* 96 R. I. 129, at page 132, quoted with approval, from *People ex rel. Rothensies v. Searles,* 229 App. Div. (N. Y.), 603:

> "The purpose of requiring the defendant to give bail after arrest is to secure his presence at the trial. The amount necessary for that purpose is a question of sound discretion and judgment depending upon several primary conditions that may be present in any particular case. The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof as bearing on the probability of his conviction— all these are elements which may properly be taken into consideration by the court in determining the amount of bail."

If the fixing of bail by the District Court is considered in juxtaposition to the elements listed above, the reason for fixing substantial bail is obvious. This is especially so in view of the fact that petitioner is accused of failure to appear according to bail bond in Connecticut and that this state is seeking to extradite petitioner.

Further, an examination of petitioner's extensive criminal record shows that the District Court was well within its discretion in fixing bail in the amounts of $5,000 and $10,000 respectively for the crimes charged.

For the reasons stated, the petition for a writ of habeas corpus is denied. *Vincent R. Brown,* petitioner, pro se. *Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.